ARIO PARDEE AND JOHN R. COOK v. THE TOWNSHIP OF FREESOIL.

74  81
117  214

*Taxes—Logs in transit.*

In this case the conclusion of the trial court that plaintiff's logs were *in transit* to another point in the State, and were not assessable in defendant township, is held to be fully supported by the findings, it appearing that plaintiffs' intent to keep them *in transit* always existed, and that *transit* was never suspended, except while a lake into which they were temporarily placed was frozen over, and was resumed some time before the making of such assessment.

Error to Mason. (Judkins, J.) Argued January 31, 1889. Decided February 8, 1889.

74 MICH—6.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Ramsdell & Benedict,* for appellant.

*Wing & Samuels,* for plaintiffs

CAMPBELL, J. Plaintiffs sued defendant township to recover taxes paid under duress of seizure made by defendant's officer, not in the township, but in Ludington, to which plaintiffs' property had been moved in due course of business. The property assessed consisted of logs, which in April, 1887,—the time of assessment,—were in Gun lake. The court below found the facts, which for the purpose of this case are conclusive. The whole case is governed by the finding, and no errors are assigned outside of it. The property assessed · was also assessed in Ludington, where the court found it was properly assessed, and the court found defendant's assessment invalid.

The finding was, in substance, that until August, 1886, plaintiffs, who were non-residents, had carried on business in Freesoil, but that in that month their mill was burned, and they at once removed their business to Ludington, contracting with a firm in that place to manufacture their logs. In January, 1887, they purchased a large business plant in Ludington, consisting of mill, store, warehouse, docks, shops, offices, and everything necessary to carry on a lumbering business. They had no logging camps of their own, but employed contractors to cut and deliver their logs, by means of logging tramroads, in Gun lake, from which they had contracts to transport them by rail to Ludington. That these logs were put in Gun lake during 1886 faster than they could be taken out and drawn to Ludington, but were continu-

ously taken out and carried there until the lake froze up, and in March, 1887, before this assessment was made, the removal was begun again, and continued without cessation until all were removed.   The court found, furthermore, that they were not placed in Gun lake for convenience of storage, or for any indefinite time, or to wait a market, but as the most practical method of effecting their transit to Ludington, until a shorter method was subsequently furnished by a change of track to the north side of the lake; the shipments having been made up to that time from the south side, to which the logs had to be towed across.   The court's conclusion was that the logs were in transit to another point in this State, namely, Ludington, and should not have been taxed in Freesoil.   The findings support this conclusion.   The logs were kept moving continuously by the only feasible method of towing across and shipment by rail on the south shore, until the north shore track enabled them to be moved faster.   The intent always existed, and transit was never suspended, except while the lake was frozen, and was resumed some time before the assessment.

The finding supports the judgment, which must be affirmed, with costs.

The other Justices concurred.